**KAUFMAN SEMERARO & LEIBMAN LLP**

*Attorneys-At-Law*

Paul C. Kaufman
Mark J. Semeraro†
Marc E. Leibman†

Jaime R. Placek†*
Deena B. Rosendahl†
Justin D. Santagata†•
Gregory K. Asadurian
Bryan P. Regan†§
Scott Fahrney
Danielle Lamake†

*Of Counsel*
David R. Gelbert

† Licensed in NY
* Licensed in NE
§ Licensed in CA (inactive)
• LLM, Advocacy and Dispute Resolution

Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024

phone 201.947.8855
fax 201.947.2402
www.NorthJerseyAttorneys.com

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279

phone 212.987.4000

Reply to:
New Jersey

August 15, 2016

<u>VIA ECF</u>
Hon. Vincent F. Papalia
50 Walnut Street
M.L.King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

   Re: <u>In Re: James Kim</u>, 16-20275

Dear Judge Papalia:

We represent Creditor David Lorenzo in the above-captioned bankruptcy case. Please accept this letter brief in reply in support of Mr. Lorenzo's motion for specific performance and for limited vacation of the bankruptcy stay. Debtor James Kim cites no legal authority whatsoever and submits only a conclusory certification in opposition to Mr. Lorenzo's motion. It is clear that Mr. Lorenzo is entitled to the relief he seeks and that Mr. Kim has no basis on which to object at this point.

*<u>The liquor license is not property of Mr. Kim's bankruptcy estate.</u>* One issue hovering over this motion is whether the subject liquor license is even "property" subject to Mr. Kim's bankruptcy estate pursuant to 11 U.S.C. § 541. While a liquor

Letter reply
In re James Kim
August 15, 2016
Page 2

---

license may generally be "property of the estate," In re Circle 10 Rest., LLC, 519 B.R. 95, 128 (Bankr. D.N.J. 2014), the license here is in receivership and a New Jersey court has already held (on multiple occasions) that Mr. Kim no longer has standing to object to the sale or transfer of the license. (ECF 21-8, 21-10). "Property" subject to a bankruptcy estate is determined by state law. Id. at 123. Philip Boggia, Esq., as receiver, now owns the liquor license under state law. See ECF 21-1 at 14-17.

The Court cannot give back to Mr. Kim something that is no longer his under state law, which is the **sole** reason Mr. Kim filed for bankruptcy, because "property of the estate" does not extend beyond "property the debtor would not own if it were solvent." In re Louisiana World Exposition, Inc., 832 F.2d 1391, 1401 (5th Cir. 1987).

At most— and we mean "at most"— the liquor license is "property of the estate" only insofar as Mr. Kim has technical "legal title" but not an "equitable interest" under 11 U.S.C. § 541(d). "Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title." In re Rodgers, 333 F.3d 64, 69 (2d Cir. 2003) [citations omitted]. Mr. Kim might have "bare legal title" only because— as reiterated in Mr. Boggia's August 15, 2016 letter to the Court— Mr. Kim has blocked the "ministerial" transfer of the liquor license. Id. But such "bare legal title" is of no meaning where,

Case 16-20275-VFP    Doc 25    Filed 08/15/16    Entered 08/15/16 20:36:03    Desc Main
Document    Page 3 of 6

Letter reply
In re James Kim
August 15, 2016
Page 3

as here, all that is left is for a "ministerial act" to complete the extinguishment of Mr. Kim's completely superficial "legal title." <u>Id.</u> The Borough of Fort Lee's Governing Body simply needs to process the transfer of the liquor license. Nothing more.

This is why Mr. Kim's "demand" that Mr. Boggioa "turnover" the liquor license makes no sense. Mr. Boggia, not Mr. Kim, has meaningful "title" to the license. In addition, as has been explained to Mr. Kim multiple times, there is no "license" to "turnover." The license has expired and the actual paper "license" was last physically held by *Mr. Kim*. Because Mr. Kim himself would not "turnover" the license when ordered by a New Jersey court, the court authorized the Borough of Fort Lee to issue a "replacement license." (ECF 21-7.) But because Mr. Kim has obstructed the transfer of the license, no actual "license" has been issued.

***Mr. Lorenzo plainly has "standing."*** Citing nothing, Mr. Kim summarily argues that Mr. Lorenzo does not have "standing" to move to vacate the bankruptcy stay. At the same time, Mr. Kim apparently concedes that Mr. Lorenzo has "standing" to enforce his own contract, the other part of the motion; but "standing" to enforce the contract is "standing" to vacate the bankruptcy stay because "under the applicable substantive law" Mr. Lorenzo "has the legal right which is sought to be enforced"— specific performance. <u>In re Comcoach Corp.</u>, 698 F.2d 571, 573 (2d Cir. 1983). He is a "creditor" within the definition of 11 U.S.C. ¶ 101(10)(A), (B). <u>Id.</u>

Letter reply
In re James Kim
August 15, 2016
Page 4

Any "party in interest" may move to vacate the bankruptcy stay. 11 U.S.C. ¶ 362(d). The term "party in interest" is fact-sensitive, but easily extends to a contract purchaser, especially where the vacation of the bankruptcy stay is clearly related to the completion of the contract. In re Bushnell, 469 B.R. 306, 309 (B.A.P. 8th Cir. 2012); see In re Comcoach Corp., supra. Mr. Lorenzo has a right to the liquor license under state law. He is a "ministerial act" away from full possession and control of the license but for Mr. Kim's "interfere[nce]" with his "rights to possess[]" the liquor license. In re Bushnell, supra.

*Mr. Lorenzo has the right to enforce specific performance of a pre-petition contract.* Without citing any legal authority and, importantly, without disputing that Mr. Lorenzo has a right to specific performance under *state law*, Mr. Kim argues that Mr. Lorenzo has no such right to specific performance of a pre-petition contrary. The law is clearly to the contrary. In re Ben Franklin Hotel Associates, 186 F.3d 301, 305 (3d Cir. 1999); In re Nickels Midway Pier, LLC, 341 B.R. 486, 498-499 (Bankr. D.N.J. 2006), aff'd, 255 F.App'x 633 (3d Cir. 2007); In re The Ground Round, Inc., 335 B.R. 253, 261 (B.A.P. 1st Cir. 2005), aff'd, 482 F.3d 15 (1st Cir. 2007). Because Mr. Kim does not dispute that Mr. Kim's "right to an equitable remedy for breach of performance" does **not** "give rise to a right of payment," 11 U.S.C. § 101(5)(B), he concedes the remedy of specific performance. See In re Ben Franklin Hotel Associates, supra (explaining that if state law does not create a

Letter reply
In re James Kim
August 15, 2016
Page 5

---

"right of payment" for breach of contract then the breach cannot be discharged in bankruptcy and the affected party may compel specific performance).

*Mr. Kim is using bankruptcy in violation of the Rooker-Feldman doctrine.* The "Rooker-Feldman doctrine" prohibits "lower federal courts from sitting as effective courts of appeal for state court judgments." In re Wilson, 116 F.3d 87, 90–91 (3d Cir. 1997) [citations omitted]. "The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court…" Besing v. Hawthorne, 981 F.2d 1488, 1496 (5th Cir.1993). Mr. Kim's bankruptcy is nothing more than an "appeal" of the four New Jersey court orders he has violated, including the receivership and intended transfer of the liquor license.

Mr. Lorenzo's motion should be granted in its entirety and for the additional reason that the liquor license is not property of Mr. Kim's bankruptcy estate. This situation has gone on long enough. Either the license should be deemed not property of the estate at all or specific performance and vacation of the bankruptcy stay should be granted in order to effectuate the four New Jersey court orders and the "equitable" right of ownership of the license. It does not belong to Mr. Kim anymore. It belongs to Mr. Lorenzo.

Letter reply
<u>In re James Kim</u>
August 15, 2016
Page 6

                              Respectfully submitted,

                                           /S

                              JUSTIN D. SANTAGATA

JDS/bar
cc:    All counsel (via ECF)
        J.S. Lee Cohen, Esq. (via email)
        Philip Boggia, Esq. (via email)