## BOGGIA & BOGGIA, L.L.C.

COUNSELLORS AT LAW

71 MT. VERNON STREET

RIDGEFIELD PARK, NEW JERSEY 07660

PHILIP N. BOGGIA*

PRISCILLA M. BOGGIA

WILLIAM R. BETESH

JOSEPH W. VOYTUS**

*ALSO MEMBER OF N.Y., FLA., D.C. BAR &
  CERTIFIED CIVIL TRIAL ATTORNEY
**ALSO MEMBER OF N.Y. BAR

TEL: (201) 641-0006
FAX: (201) 641-6649
E-MAIL: philip@boggialaw.com
priscilla@boggialaw.com
williambetesh@boggialaw.com
jwvoytus@boggialaw.com

August 15, 2016

**Via Federal Express**
Hon. Vincent F. Papalia
50 Walnut Street
M.L. King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

  Re: **In Re: James Kim. 16-20275**  VFP

Dear Judge Papalia:

  By Order dated September 25, 2014, The Honorable Charles E. Powers, Jr., J.S.C. entered an Order dated September 25, 2014, appointing me the receiver of a certain liquor license which is now the subject in the above matter. See Exhibit "A" attached hereto. The Order directed me to obtain and then sell the license in conjunction with a pending Superior Court matter entitled <u>Moon Sook Kim</u> v. <u>James J. Kim</u>, et al. Docket No. L-1369-13.

  I was appointed receiver due to the fact that the Defendant, James J. Kim, had absented himself from the proceedings pending in Superior Court. Mr. Kim's lawyer at the time, Matthew Jong, Esq., advised the Court that he did not know Mr. Kim's whereabouts. See Order dated December 18, 2014, signed by Hon. Lisa Perez Friscia, J.S.C. acknowledging Mr. Kim's "unknown whereabouts". See Exhibit B attached hereto.

  The Order specifically authorized me to obtain a replacement license, if necessary, in order to complete the sale of said license. This Order was also signed by Matthew Jeon, Esq., on behalf of the Defendant James Kim.

On April 10, 2015, Judge Friscia entered an additional Order authorizing me to sign the Liquor License Purchase Agreement on behalf of Defendant Kim to effectuate the sale hereof. A copy of the April 10, 2015, Order is attached hereto as Exhibit C.

  The Liquor License Purchase Agreement was signed on May 22, 2015, between David J. Lorenzo, the buyer, and signed by me as Court Appointed Receiver on behalf of the Seller,

Defendant Kim. The Buyer is represented by Paul Kaufman, Esq., of the law offices of Kaufman Semeraro and Leibman, LLP.

By letter dated February 1, 2016, I contacted the Borough Attorney for the Borough of Fort Lee, J. Sheldon Cohen, Esq., and requested that the Borough of Fort Lee process the liquor license transfer application as soon as possible. I provided Mr. Cohen copies of the previous Court Orders and a copy of the Liquor License Purchase Agreement. A copy of my February 1, 2016, letter is attached hereto as Exhibit D.

In a phone conference with Mr. Cohen, I became aware that the Defendant James Kim apparently had returned to New Jersey and that Defendant James Kim through his attorney, Matthew Jeon, Esq., made application to the Borough of Fort Lee seeking to reactivate the liquor license, which is the subject of this litigation. This action violates the terms of prior Court Orders and the Liquor License Purchase Agreement.

Mr. Cohen sent me an e-mail on March 3, 2016, and advised me that the Borough of Fort Lee is not able to process the liquor license application on behalf of the new Buyer, until Mr. Jeon's client, Defendant James Kim, withdraws its pending liquor license application. A copy of Mr. Cohen's e-mail is attached hereto as Exhibit E.

I immediately contacted Mr. Jeon and requested that he withdraw the pending liquor license application. Mr. Jeon advised me that he could not do that because he no longer represented the Defendant James Kim in these proceedings. To date, no Substitution of Attorney has been filed in this matter.

The actions of Defendant James Kim in seeking to reinstate the license had effectively blocked my efforts to consummate the sale and transfer of the liquor license to the Buyer as ordered by the Court. As a result thereof, a Motion was filed in the Superior Court by the attorney for the creditor, Roy Mossi, Esq., seeking an Order compelling the withdrawal of Defendant's James Kim liquor license application and to allow the Borough of Fort Lee to effectuate the license transfer to the prospective buyer.

Due to the filing of the above Petition in Bankruptcy, any further Superior Court involvement was terminated. If Your Honor so desires I am prepared to continue my services as the Court Appointed Receiver in order to complete the sale and transfer of the liquor license in this matter. As per my discussion with your Courtroom Deputy, Juan Filgueiras, I will appear by phone if necessary on August 18, 2016. Thank you for your consideration in this matter.

Respectfully,

Philip N. Boggia

PNB:ll
Cc: J. Sheldon Cohen, Esq.
    Kaufman, Semeraro & Leibman, LLC, Attn: Justin D. Santagata, Esq.
    Song Law Firm, LLC, Attn: Roy Mossi, Esq.
    Walter D. Nealy, Esq.

EXHIBIT - A

David G. Polazzi (State Bar. No. 031822005)
KIM & BAE, P.C.
Attorneys at Law
2160 North Central Road, Suite 303
Fort Lee, New Jersey 07024
Tel: 201-585-2288
Fax: 201-585-2246
*Attorneys for Plaintiff*

**FILED**

**SEP 25 2014**

**CHARLES E. POWERS, JR., J.S.C.**

| | |
|---|---|
| Moon Sook Kim,<br><br>    Plaintiff,<br>v.<br><br>James J. Kim, Myung Dong Samgyubsal, Inc.,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO.: L-1369-13<br><br>Civil Action<br><br>ORDER TO APPOINT PHILIP N. BOGGIA AS RECEIVER TO OBTAIN AND SELL LIQUOR LICENSE |

THIS MATTER being opened before this Court on application of Kim & Bae, P.C., Plaintiff, for an order appointing Philip N. Boggia as receiver ("Receiver") to effectuate obtaining and selling the liquor license currently in Defendants' possession, and the Court having considered the papers submitted by the parties, and good cause shown:

IT IS on this 25th day of Sept, 2014.

ORDERED as follows:

1. Philip N. Boggia is hereby appointed to serve as receiver for the action;

2. The Receiver shall charge his usual and cust. customary rate per hour for his services;

3. The Receiver is authorized to obtain and sell the liquor license currently in Defendants' possession;

4. The Receiver is authorized to execute any documents, and to take such further

actions, as necessary to complete the sale of the liquor license; *and the Receiver can*

5. Plaintiff shall serve a copy of this Order upon Defendants within seven (7) days of Plaintiff's counsel's receipt of same.

*[signature]*
~~HON. KENNETH J. SLOMIENSKI, J.S.C.~~
**CHARLES E. POWERS, JR., J.S.C.**

[ ] opposed

[ ✓ ] unopposed

EXHIBIT - B

David G. Polazzi (State Bar. No. 031822005)
KIM & BAE, P.C.
Attorneys at Law
2160 North Central Road, Suite 303
Fort Lee, New Jersey 07024
Tel: 201-585-2288
Fax: 201-585-2246
*Attorneys for Plaintiff*

**FILED**

DEC 1·8 2014

LISA PEREZ FRISCIA, J.S.C.

| | |
|---|---|
| Moon Sook Kim,<br><br>　　　　Plaintiff,<br><br>v.<br><br>James J. Kim, Myung Dong Samgyubsal, Inc.,<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO.: L-1369-13<br><br>Civil Action<br><br>CONSENT ORDER AUTHORIZING COURT APPOINTED RECEIVER PHILIP N. BOGGIA TO OBTAIN A REPLACEMENT LIQUOR LICENSE |

　　　　WHEREAS, Philip N. Boggia ("Receiver") was appointed by the Court to serve as a receiver for the action on September 25, 2014; and

　　　　WHEREAS, the Receiver is authorized to obtain and sell the liquor license # 0219-33-008-011 currently in Defendant James J. Kim's possession; and

　　　　WHEREAS, the Receiver is authorized to execute any documents, and to take such further actions, as necessary to complete the sale of the liquor license; and

　　　　WHEREAS, Defendants' counsel has represented to the Court that he is currently unaware of the Defendant James J. Kim's whereabouts;

　　　　WHEREAS, due to Defendant James J. Kim's unknown whereabouts, the Receiver cannot obtain and sell the liquor license # 0219-33-008-011 pursuant to the September 25, 2014 order;

NOW, THEREFORE, IT IS ON THIS 18᷂ᵀᴴ DAY of DECEMBER 2014,

ORDERED, that the Municipality of Fort Lee, the Division of Alcoholic Beverage Control, and/or any other issuing authority is directed to reissue a replacement liquor license to the custody of the Receiver replacing Defendant James J. Kim's liquor license # 0219-33-008-011; and it is further

ORDERED, that the Receiver will retain the replacement liquor license in order to complete the sale of the liquor license; and it is further

ORDERED, that a true copy of this Order shall be served upon all interested parties, within seven (7) days of the receipt by the moving party.

_____
Hon. Lisa Perez Frisola, J.S.C.

CONSENTED TO BY:

KIM & BAE, P.C.

BY: _____
David G. Polazzi, Esq.
*Attorneys for Plaintiffs*

MATTHEW JEON, P.C.

BY: _____
Matthew Jeon, Esq.
*Attorneys for Defendants*

EXHIBIT - C

David G. Polazzi (State Bar. No. 031822005)
**KIM & BAE, P.C.**
Attorneys at Law
2160 North Central Road, Suite 303
Fort Lee, New Jersey 07024
Tel: 201-585-2288
Fax: 201-585-2246
*Attorneys for Plaintiff*

**FILED**

**APR 1 0 2015**

LISA PEREZ-FRISCIA, J.S.C

| | |
|---|---|
| Moon Sook Kim,<br><br>                Plaintiff,<br>v.<br><br>James J. Kim, Myung Dong Samgyubsal, Inc.,<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO.: L-1369-13<br><br>Civil Action<br><br>**ORDER AUTHORIZING COURT APPOINTED RECEIVER PHILIP N. BOGGIA TO SIGN THE LIQUOR LICENSE AGREEMENT ON BEHALF OF THE SELLER** |

THIS MATTER being opened before this Court on application of Kim & Bae, P.C., Plaintiff, for an order authorizing the court-appointed receiver, Philip N. Boggia, Esq., sign the liquor license agreement on behalf of the seller, and the Court having considered the papers submitted by the parties, and good cause shown:

IT IS on this  10th  day of  April  , 2015

ORDERED as follows:

1. The Receiver has absolute and unconditional authority to sign the liquor license agreement on behalf of the seller;

2. The seller has waived his rights to object or makes changes to the liquor license agreement; and

3. Plaintiff shall serve a copy of this Order upon defendant within ~~seven (7)~~ three days of

Plaintiff's counsel's receipt of same.

_____
Hon. Lisa Perez Friscia, J.S.C.

[ ] opposed

[✓] unopposed

A RIDER IS ATTACHED HERETO
AND INCORPORATED HEREIN.

### RIDER TO ORDER

The complaint in this matter was filed on February 19, 2013. Final judgment was entered against defendant on June 10, 2013, enjoining defendants from selling defendant James Kim's liquor license. On January 24, 2014, the law firm of Kim and Bae, P.C., attorneys for plaintiff, were appointed as receivers to take possession and sell defendant James Kim's alcoholic beverage license to provide partial payment of the judgment. On September 25, 2014, the court appointed Philip N. Boggia, Esq., by consent, as receiver with the authority to obtain and sell the liquor license. On February 23, 2015, Mr. Boggia, as the court-appointed receiver, signed a liquor license purchase agreement, for a $290,000 purchase price, on behalf of the seller, Mr. Kim. David J. Lorenzo signed the purchase agreement as the buyer.

On March 16, 2015, plaintiff filed the within motion to allow the court-appointed receiver to execute the liquor license agreement on behalf of the seller, Mr. Kim. No formal opposition has been filed pursuant to Rule 1:6-2. The court notes that counsel for defendant seller, Matthew Jeon, Esq., submitted a letter to the court on April 10, 2015, the return date of this motion, requesting that the within motion be adjourned one cycle on the basis that his office had been offered a higher price of $300,000 from a different interested buyer. Attorneys for plaintiff submitted a response to Counselor Jeon's letter, asking that this court not adjourn the motion, as there is already a signed agreement for $290,000 executed by the court-appointed receiver, Mr. Boggia, and the buyer, Mr. Lorenzo. This court again notes that the final judgment in this matter was entered on June 10, 2013.

For the aforementioned reasons, this court grants plaintiff's motion authorizing the court-appointed receiver to sign the liquor license agreement on behalf of the seller.

EXHIBIT - D

# BOGGIA & BOGGIA, L.L.C.

COUNSELLORS AT LAW
71 MT. VERNON STREET
RIDGEFIELD PARK, NEW JERSEY 07660

PHILIP N. BOGGIA*
PRISCILLA M. BOGGIA
WILLIAM R. BETESH
JOSEPH W. VOYTUS**

*ALSO MEMBER OF N.Y., FLA., D.C. BAR &
  CERTIFIED CIVIL TRIAL ATTORNEY
**ALSO MEMBER OF N.Y. BAR

TEL:    (201) 641-0006
FAX:    (201) 641-6649
E-MAIL: philip@boggialaw.com
        priscilla@boggialaw.com
        williambetesh@boggialaw.com
        jwvoytus@boggialaw.com

February 1, 2016

DeCotiis, Fitzpatrick & Cole, L.L.P.
Glenpointe Center West
500 Frank W. Burr Blvd.
Teaneck, New Jersey 07666

Attention: J. Sheldon Cohen, Esq.

**Re: Liquor License Transfer**
**License No. 0219-33-008011**
**Borough of Fort Lee, New Jersey**

Dear Mr. Cohen:

     I am following up our phone conversation on Friday, January 29, 2016, concerning the above matter. As we discussed, by Order dated September 25, 2014, I am the court appointed receiver as directed by Judge Charles E. Powers, Jr., J.S.C. for the purpose of assisting in the transfer of the above liquor license. A copy of the September 25, 2014 Order is attached for your review. I am also enclosing two Orders dated December 18, 2014, and April 10, 2015, entered by Judge Lisa Perez Friscia, J.S.A. authorizing me to effectuate the sale and transfer of the liquor license.

     Pursuant to said Order, a Liquor License Purchase Agreement was entered into on May 22, 2015, whereby said liquor license would be conveyed to David J. Lorenzo. A copy of the Purchase Agreement is attached hereto for your reference. Mr. Lorenzo is represented by Paul Kaufman, Esq., of the law firm of Kaufman, Semeraro & Leibman, LLP, Two Executive Drive, Suite 530, Fort Lee, New Jersey.

Page 2

February 1, 2016

     I have been advised that the application to transfer said license has been submitted to the Borough of Fort Lee and is now complete. As we further discussed, it will not be necessary to have the license placed in my name as Receiver. Rather, the license can be transferred directly to the buyer. We are awaiting the adoption of the Resolution of the Governing Body authorizing the transfer of said license.

     I would appreciate it if you would review the enclosed documents so that the transfer of said license may be completed in accordance with the Order entered by Judge Friscia. Would you please forward me a copy of the signed Resolution authorizing the liquor license transfer upon adoption by the Governing Body.

     If you have any questions please do not hesitate to contact me. Thank you for your anticipated cooperation.

Very truly yours,

Philip N. Boggia

PNB:ll
Encs.
Cc: Paul Kaufman, Esq.
    Matthew Jeon, Esq.
    Stacey Chung, Esq.-Song Law Firm
    Evelyn Rosario, RMC, CMC, Borough of Fort Lee

EXHIBIT - E

## Philip Boggia

| | |
|---|---|
| **From:** | J.S. Lee Cohen <LCohen@decotiislaw.com> |
| **Sent:** | Thursday, March 03, 2016 2:36 PM |
| **To:** | Philip Boggia; Antoinette Kennedy |
| **Cc:** | pkaufman@northjerseyattorneys.com; mjeonpc@yahoo.com; kchung@songlawfirm.com; Evelyn Rosario |
| **Subject:** | RE: Cafasso/Lorenzo - Purchase of Liquor License from Kim |

All: Fort Lee (Clerk & Attorney) have reviewed this file and spoken with the State ABC and find that the Borough is unable to move forward unless and until Mr. Jeon's client WITHDRAWS its pending Liquor License application. Once the withdrawal is accomplished, the Fort Lee Governing Body can pass a Resolution recognizing the withdrawal. At that point, the putative purchaser may file its application and undergo the required investigations, submit required documentation and pay the fees. Assuming the PD investigation clears the purchaser, the Governing Body may vote on the application. We are willing to try to move all of this as quickly as possible. However, nothing can begin until the pending application is withdrawn.           VTY : J S ("Lee") Cohen, Boro Atty

---

**From:** Philip Boggia [mailto:philip@boggialaw.com]
**Sent:** Thursday, March 03, 2016 10:12 AM
**To:** Antoinette Kennedy
**Cc:** Paul Kaufman (pkaufman@northjerseyattorneys.com); mjeonpc@yahoo.com; J.S. Lee Cohen; kchung@songlawfirm.com
**Subject:** RE: Cafasso/Lorenzo - Purchase of Liquor License from Kim

Dear Antoinette:

I am receipt of your e-mail dated March 2, 2016 concerning the above matter.
Pursuant to the terms of the Purchase Agreement, the deposit in the amount of $29,000 shall be held in escrow by the Court appointed receiver. Therefore, would you please transfer the deposit that you are holding in the amount of $29,000 and forward that amount payable to Boggia & Boggia, LLC Trust Account.

I am also concerned that the liquor license application to be filed by your client has been significantly delayed. The latest delay is that Matthew Jeon, Esq. will have to withdraw his client's application to renew the liquor license. Mr. Jeon should withdraw that application immediately because it is in violation of the Purchase Agreement and the Order entered by Judge Friscia, J.S.C dated April 10, 2015. This appears to be another unnecessary delay in this matter. I will contact the Borough attorney, Lee Cohen, Esq., and inquire why this transfer of the liquor license to your client cannot be expedited.


Thank you for your attention to this matter.

Very Truly Yours,
Phil



BOGGIA & BOGGIA
ATTORNEYS AT LAW

1