— LAW OFFICES —
## DECOTIIS
### DeCotiis, FitzPatrick & Cole, LLP

NEW YORK
NEW JERSEY

GLENPOINTE CENTRE WEST
500 FRANK W. BURR BOULEVARD, SUITE 31
TEANECK, NEW JERSEY 07666

16 AUG 17 AM 11: 15

TELEPHONE: (201) 928-1100
TELEFAX:    (201) 928-0588
WWW.DECOTIISLAW.COM

DIRECT
J. SHELDON COHEN, ESQ.
JCOHEN@DECOTIISLAW.COM
201.928.1100

August 16, 2016

**Via Overnight Mail**
Hon. Vincent F. Papalia
50 Walnut Street
M.L. King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

### Re: In Re: James Kim (16-20275)

Dear Judge Papalia:

This law firm represents creditor the Borough of Fort Lee ("Borough"). The Borough takes no position in the merits of the motion filed by Creditor David Lorenzo regarding the liquor license #0219-33-008-011 ("License"). However, the Borough respectfully submits that if an order is entered, that the Borough's statutory rights pursuant to N.J.S.A. 33:1-24 be protected. As such, an order granting specific performance should require that the party awarded the right to apply to operate the License at issue be required to make all required statutory applications and submissions applications to the Borough and obtain any necessary Borough approvals, prior to the turnover of the License.

The License transfer application is currently pending before the Borough. On March 3, 2016, via e-mail, the undersigned notified the New Jersey Superior Court appointed receiver, Philip Boggia, Esq., that in order to process the liquor license application on behalf of a new



1963619

buyer, the pending application would first need to be withdrawn by Mr. James Kim. (See Philip Boggia's correspondence to Your Honor dated August 15, 2016, Exhibit E).

Due to the filing of the above-referenced Petition for Bankruptcy, the Borough became aware that the License is an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541 and that any Superior Court or Borough actions and matters are stayed as a result of the filing. However, the Borough respectfully asserts that the bankruptcy filing does not suspend the statutory license renewal deadlines, which pursuant to N.J.S.A. 33:1-26 are set to a June 30th annual expiration date with a late filing between the dates of July 30 and September 28. While a municipality has no obligation to notice licensees of renewal deadlines, the undersigned made a courtesy call soon after receiving notice of the filing, to the Trustee Marie Greenberg's office to inform her that an application is required to be filed with the Borough. To the Borough's knowledge, there have been no further applications filed regarding the License as of this date.

Therefore, creditor the Borough of Fort Lee, respectfully requests that any order issued protects the Borough's statutory rights authorized under N.J.S.A. 33:1-24, which includes the right to receive, review, and inspect applications as well as preserving the Governing Body's discretion in the issuance and transfer of liquor licenses.

Respectfully submitted,
**DeCotiis, FitzPatrick, & Cole, LLP**
*Attorneys for Creditor, Borough of Fort Lee*

By: _____
J. Sheldon Cohen, Esq.

JSC/ls

Cc: Philip N. Boggia, Esq. (via Overnight mail and E-mail)
    Justin D. Santagata, Esq. (via Overnight mail and E-mail)
    Roy Mossi, Esq. (via Overnight mail and E-mail)
    Walter D. Nealy, Esq. (via Overnight mail and E-mail)

1963619-1