# KAUFMAN SEMERARO & LEIBMAN LLP

*Attorneys-At-Law*

Paul C. Kaufman
Mark J. Semeraro†
Marc E. Leibman†
Deena B. Rosendahl†
―――
Jaime R. Placek†*
Justin D. Santagata†*
Gregory K. Asadurian
Bryan P. Regan†§
Scott Fahrney
Danielle Lamake†

*Of Counsel*
David R. Gelbert

† *Licensed in NY*
* *Licensed in NE*
§ *Licensed in CA*
\* *LLM, Advocacy and Dispute Resolution*

Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024

*phone* 201.947.8855
*fax* 201.947.2402
www.NorthJerseyAttorneys.com

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279

*phone* 212.987.4000

*Reply to:*
New Jersey

jsantagata@northjerseyattorneys.com

October 4, 2016

**VIA ECF**
Hon. Vincent F. Papalia
50 Walnut Street
M.L.King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

    Re: **In Re: James Kim, 16-20275**

Dear Judge Papalia:

As you know, we represent Creditor David Lorenzo in the above bankruptcy main case. Please accept this letter reply in support of Mr. Lorenzo's motion to excuse the receiver's "compliance" with 11 U.S.C. § 543(a)-(c) and permit the receiver to remain in "control" of Debtor James Kim's liquor license pursuant to 11 U.S.C. § 543(d)(1). This bankruptcy is about one thing: Mr. Kim's three-year long quest to keep the license. There is literally no other reason for the bankruptcy. Mr. Kim did not file for bankruptcy when a $164,388.80 judgment was entered against him. No, he only filed for bankruptcy when it became clear that he had exhausted

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 2

---

all options for malfeasance that the New Jersey court was willing to accept in his quest to keep the license. Of course, none of those options included an appeal of the New Jersey court's receivership order, which is all this bankruptcy is— an improper appeal of a state court order. The motion to excuse turnover should be granted. In addition, for the record, the Court should enter an actual order denying our prior motion to lift the automatic bankruptcy stay. We originally requested an order on September 8, 2016 (ECF 30), but no order has yet been entered. See Fed.R.Bankr.P. 8002.

***Necessity to "reorganization."*** Mr. Kim's opposition to the motion to excuse turnover is conveniently myopic. Mr. Kim frames the main issue as "whether there will be sufficient income to fund a successful reorganization." (Opp. at 2.) But that is not the issue. The issue is whether the liquor license is *necessary* to any supposed "reorganization." In re Franklin, 476 B.R. 545, 551 (Bankr. N.D. Ill. 2012); see In re Picacho Hills Util. Co., Inc., 2013 WL 1788298 at *7–8 ("the funds held and/or generated by the Receiver are not required for reorganization"). There is no argument that the liquor license is necessary to reorganization and Mr. Kim presents no evidence— competent or otherwise— that the license is necessary for him to support his bankruptcy plan and effectively "reorganize." Again: this is because the purpose of this bankruptcy is not— and never was and never will be— to "reorganize."

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 3

Mr. Kim could have easily submitted some evidence attempting to show that 7080 Restaurant needs the liquor license to make a profit. Mr. Kim has submitted nothing. Indeed, his filings in this bankruptcy strongly suggest that the license is merely a luxury and not remotely necessary to "reorganization." Again: his bankruptcy plan is only directed at one substantial debt, the $164,388.80 judgment that precipitated the receivership over the license. Mr. Kim proposes to pay $1,894 for six months and then $3,329.12 for the remaining four-and-a-half years of his bankruptcy plan. His "amended schedule"— filed only yesterday— states he has nearly $12,000 per month in income. (ECF 42, 43.) There is nothing in his filings or his opposition to this motion that even hints that he cannot pay his bankruptcy plan without the benefit of the license. "Reorganization" is based on the "correct[ion] of "continuing losses," but Mr. Kim cannot even show that he has losses **without the license.** See In re Sabana del Palmar, Inc., 2013 WL 2367835 at *6 (Bankr. D.P.R. May 29, 2013) (citing cases).

*Equity.* Mr. Kim could have easily submitted some evidence that he has actual equity in the liquor license such that it should be protected. Id. at 6-7; In re Franklin, 476 B.R. at 552. But still, even now, there is no evidence of any equity in the license.

3

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 4

*__Mismanagement.__* Mr. Kim makes three arguments that he has not "mismanaged" the liquor license. Two require a time warp to be plausible and the third requires a suspension of disbelief.

First, Mr. Kim argues that he did not wrongly represent and advertise that 7080 Restaurant had a license because "he is the lawful owner of a liquor license in the Borough of Fort Lee." (Opp. at 3.) This is flat wrong. At the time of the representation and advertisement, he was not legally entitled to use the license— it was in receivership and there was no bankruptcy. His bankruptcy was not filed until earlier this year. But he was advertising and representing that 7080 Restaurant was serving alcohol in *March 2015*. Again: this shows exactly what Mr. Kim is up to. He opened 7080 Restaurant and realized that he could make more money with the license, which at that time was in receivership and subject to sale. Because he had no appellate avenue in New Jersey court to regain the license, he filed a belated bankruptcy earlier this year.

Second, Mr. Kim argues that he was not "[dis]obeying the orders entered by the Superior Court" because "the liquor license is clearly property as Debtor's Chapter 13 Estate." (Opp. at 3.) But Mr. Kim violated no less than four New Jersey court orders *long before* he filed for bankruptcy. On June 10, 2013, the New Jersey court ordered Mr. Kim to sell the license. He ignored that order. On September 25, 2014, the receiver was appointed and Mr. Kim was supposed to turn over the license itself for sale through receivership. He ignored that order. On

4

Case 16-20275-VFP    Doc 44    Filed 10/04/16    Entered 10/04/16 14:42:07    Desc Main
Document    Page 5 of 7

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 5

December 18, 2014, the receiver was authorized to obtain a replacement license because Mr. Kim was nowhere to be found; then, on April 10, 2015 the New Jersey court authorized the sale of the license to Mr. Lorenzo. Mr. Kim reappeared to frustrate the last two orders by applying to the Borough of Fort Lee to reactivate the license for his own use, despite that he had no legal standing to do so, as the New Jersey court held on at least two occasions. (4/10/15 NJ order; 12/18/15 NJ order— Exh. F, H— Santagata cert.) Because Mr. Kim applied to reactivate the license, the Borough of Fort Lee could not process the transfer of the license through receivership and to Mr. Lorenzo.

Third, Mr. Kim argues that the Borough of Fort Lee's June 20, 2015 police reports for 7080 Restaurant do not suggest "mismanagement" because they are "heavily redacted." (Opp. at 3.) The reports reference a liquor license investigation that coincides with the time period Mr. Kim was wrongly representing and advertising that he had a license for 7080 Restaurant. The reports were obtained via public record request and were (wrongly) redacted. Contrary to Mr. Kim's opposition, the reports are not "inadmissible hearsay"; they are records of a "legally authorized investigation." Fed.R.Evid. 803(8)(C); Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 n.3 (3d Cir. 2002); Complaint of Munyan, 143 F.R.D. 560, 566 (D.N.J. 1992). We have subpoenaed a Borough of Fort Lee representative to testify about the reports. Mr. Kim is free to testify about the reports if he so chooses. He notably has not certified that he did not represent and advertise the license for 7080

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 6

Restaurant when he had no right to or that he was not investigated in June 2015 for illegally selling liquor.

***Consent.*** Mr. Kim did not oppose the receivership in New Jersey court and he consented (through his attorney) to sale of the license to Mr. Lorenzo. A debtor's pre-bankruptcy consent to receivership or sale "favors continuous possession by the [r]eceiver." In re Sabana del Palmar, Inc., 2013 WL 2367835 at *7.

***Turnover serves no purpose and only increases the risk of draining the bankruptcy estate.*** As set forth in our motion, Mr. Kim's contract with Mr. Lorenzo cannot be discharged in bankruptcy. Mr. Lorenzo is entitled to specific performance for the sale of the liquor license and he has filed an adversary complaint for that precise relief. In addition, Mr. Kim filed an "amended schedule" conceding that the purchase price for the liquor license is consistent with— and actually greater than— the value of the license: the purchase price is $290,000; the value listed by Mr. Kim is $250,000. (ECF 43.)

It is unclear, then, what the point of turnover is where the result is seemingly inevitable— transfer of the license to Mr. Lorenzo. Delaying the transfer injures Mr. Lorenzo's already-delayed right, as a creditor, to the fruit of the sale of the license. He has already paid $30,000 in a down payment on the license and has been awaiting its transfer for nearly two years. The other creditors likewise do not benefit from Mr. Kim's retention of the license. There is simply no suggestion—

Reply re 543(d)(1)
In re James Kim
October 4, 2016
Page 7

much less evidence— that Mr. Kim will be better able to pay the bankruptcy plan if he keeps the license rather than gaining $290,000 in immediate hard money from the sale. He will net nearly $120,000 from the sale after subtracting the $164,388.80 judgment to be paid through the bankruptcy plan and the other menial taxes he proposes to pay through the plan.

Turnover of the liquor license should be excused so that the receiver can take the next step in transfer of the license: transfer of the license into the receiver's name and a motion to approve the sale of the license to Mr. Lorenzo.

Respectfully submitted,

JUSTIN D. SANTAGATA

JDS/bar
cc:   All counsel (via ECF)
      J.S. Lee Cohen, Esq. (via email)
      Philip Boggia, Esq. (via email)