# KAUFMAN SEMERARO & LEIBMAN LLP

*Attorneys-At-Law*

Paul C. Kaufman
Mark J. Semeraro†
Marc E. Leibman†

Jaime R. Placek†*
Deena B. Rosendahl†
Justin D. Santagata†*
Gregory K. Asadurian
Bryan P. Regan†§
Scott Fahrney
Danielle Lamake†

*Of Counsel*
David R. Gelbert

† *Licensed in NY*
\* *Licensed in NE*
§ *Licensed in CA (inactive)*
\* *LLM, Advocacy and Dispute Resolution*

Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024

*phone* 201.947.8855
*fax* 201.947.2402
www.NorthJerseyAttorneys.com

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279

*phone* 212.987.4000

*Reply to:*
New Jersey

jsantagata@northjerseyattorneys.com

### OBJECTION TO RETENTION OF PROFESSIONAL

October 26, 2016

**VIA ECF**
Hon. Vincent F. Papalia
50 Walnut Street
M.L.King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

    Re: **In Re: James Kim,** 16-20275

Dear Judge Papalia:

    As you know, we represent Creditor David Lorenzo in the above-captioned bankruptcy case. Mr. Lorenzo objects to the retention of Matthew Jeon, Esq. as special counsel (ECF 45) because Mr. Jeon will be an adverse witness to Debtor James Kim in the adversary complaint, as Mr. Kim has already certified in a prior submission to the Court.

    In his August 8, 2016 certification, Mr. Kim states that he "believed that legal matters would be taken good care of" by Mr. Jeon. (ECF 24-2.) Mr. Kim is referring to the four New Jersey court orders that he violated prior to filing for bankruptcy. See ECF 21-1 at 6-8. Mr. Jeon consented to one of these orders, and did not oppose several others. It is clear from Mr. Kim's certification— and even more so from oral argument on the prior two motions— that Mr. Kim will assert that Mr. Jeon did not have authority to consent to the order that led to the contract that Mr. Kim now seeks to get out of. See ECF 21-1 at Exh. E (consent); Lorenzo v. Kim, 16-01693-VFP (B.R. NJ 2017), ECF 3 (answer asserting affirmative defense of lack of privity).

Objection to professional
In re James Kim
October 26, 2016
Page 2

---

Because Mr. Jeon will be an adverse witness to Mr. Kim, he should play no legal role in either the bankruptcy case or the adversary complaint. Mr. Jeon will be paid $300 per hour under Mr. Kim's application for retention while, at the same time: (a) Mr. Kim will blame Mr. Jeon for what happened in the New Jersey court below; (b) will testify that Mr. Jeon should not have consented or failed to object to multiple court orders; and (c) Mr. Jeon will be subject to questioning that, in all likelihood, will require waiver of the attorney-client privilege because Mr. Kim has placed his legal relationship with Mr. Jeon "at issue." North River Ins. v. Philadelphia Reinsurance Corp., 797 F.Supp. 363, 370 (D.N.J. 1992).

The Bankruptcy Code defines "disinterested" as (among other things): "does not have an **interest materially adverse to the interest** of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, **or for any other reason**." 11 U.S.C.A. § 101(14) (West 2016) [emphasis added]. "Materially adverse interest" means "one who may have an economic or practical interest that would tend to lessen the value of the bankrupt estate or that would create **either an actual or potential dispute** in which the estate is a rival." In re Glenn Elec. Sales Corp., 99 B.R. 596, 602 (D.N.J. 1988) [emphasis added].

So long as Mr. Kim denies the validity of the contract with Mr. Lorenzo based on the actions of Mr. Jeon, Mr. Jeon has a "materially adverse interest" precluding his retention.

Respectfully submitted,

JUSTIN D. SANTAGATA

JDS/bar
cc:  Phillip N. Boggia, Esq. (via email)
    J. Sheldon Cohen, Esq. (via email)
    All other Counsel (via ECF)
    Client (via email)