# KAUFMAN SEMERARO & LEIBMAN LLP

*Attorneys-At-Law*

Paul C. Kaufman
Mark J. Semeraro†
Marc E. Leibman†
Deena B. Rosendahl†

Jaime R. Placek†*
Justin D. Santagata†•
Gregory K. Asadurian
Bryan P. Regan†§
Scott Fahrney
Danielle Lamake†

*Of Counsel*
David R. Gelbert

† *Licensed in NY*
\* *Licensed in NE*
§ *Licensed in CA*
• *LLM, Advocacy and Dispute Resolution*

Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024

*phone* 201.947.8855
*fax* 201.947.2402

www.NorthJerseyAttorneys.com

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279

*phone* 212.987.4000

*Reply to:*
New Jersey

Jsantagata@northjerseyattorneys.com

## OBJECTION TO APPLICATION TO SHORTEN TIME

December 1, 2016

**VIA ECF**
Hon. Vincent F. Papalia
50 Walnut Street
M.L.King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

    Re: <u>In Re: James Kim</u>, 16-20275, 16-01693, 2:16-cv-08339-MCA

Dear Judge Papalia:

    As you know, we represent Creditor David Lorenzo in the above-captioned bankruptcy case, adversarial complaint, and bankruptcy appeal. On November 22, 2016, the Court dismissed Debtor James Kim bankruptcy for failure to file a modified plan pursuant to the Court's order and prior directives. The lack of basis for Mr. Kim's original plan was discussed at length with the Court as far back as August 18, 2016, and again on October 8, 2016. These discussions were not short, but lengthy and on the record during oral argument. Mr. Kim has now moved to reinstate his bankruptcy and applied to have the motion heard on a shortened schedule. **We object to any shortened schedule.** Though Mr. Kim does not cite any authority in his motion to reinstate, the motion is governed by Fed.R.Civ.P. 60 and the burden on such a motion is quite high. The motion should be decided on a normal schedule, with full briefing, so a full record can be developed.

Letter re dismiss
<u>In re James Kim</u>
December 1, 2016
Page 2

It is unfair to Mr. Lorenzo and the other creditors, who have complied with the Court's rules and deadlines, for Mr. Kim to jump back into Court immediately and request a special motion schedule just for him. While we understand that applications to shorten time are more routine in bankruptcy than in other courts, Mr. Kim has a long history of ignoring court orders (not just this Court's) and of seeking relief at the last minute (or, here, after the buzzer has run out).

Mr. Lorenzo has already taken steps to address the dismissal of Mr. Kim's bankruptcy. First, he requested that the district court extend his deadline to file his appellate brief for 30 days from December 9, 2016 since the order subject to appeal was automatically vacated by Mr. Kim's dismissal. We are trying to avoid unnecessary work for the court system; the same cannot be said of Mr. Kim. Second, in the interest of full disclosure, Mr. Lorenzo has filed a motion in New Jersey state court to effectuate the transfer of Mr. Kim's liquor license to him, through the receiver Philip Boggia, Esq. (whose receivership was automatically reinstated by the bankruptcy dismissal). That motion is returnable December 16, 2016, but the license would not be transferred on that date; it would be subject to further action by the Borough of Fort Lee at a regular meeting.

Mr. Kim is in this position because of his own dilatory conduct and complete disregard for basic rules and the court system in general. He should not be given special treatment now. Mr. Kim's application to shorten time should be denied.

Respectfully submitted,

JUSTIN D. SANTAGATA

JDS/bar
cc:    All counsel (via ECF)