# KAUFMAN SEMERARO & LEIBMAN LLP

Attorneys-At-Law

Paul C. Kaufman
Mark J. Semeraro†
Marc E. Leibman†

Jaime R. Placek†*
Deena B. Rosendahl†
Justin D. Santagata†•
Gregory K. Asadurian
Bryan P. Regan†§
Scott Fahrney
Danielle Lamake†

Of Counsel
David R. Gelbert

† Licensed in NY
* Licensed in NE
§ Licensed in CA (inactive)
• LLM, Advocacy and Dispute Resolution

Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024

phone 201.947.8855
fax 201.947.2402
www.NorthJerseyAttorneys.com

Woolworth Building
233 Broadway, Suite 2370
New York, New York 10279

phone 212.987.4000

Reply to:
New Jersey

Jsantagata@northjerseyattorneys.com

December 13, 2016

**VIA ECF**
Hon. Vincent F. Papalia
50 Walnut Street
M.L.King Jr. Federal Bldg. & Courthouse
Newark, New Jersey 07102

    Re: <u>In Re: James Kim</u>, 16-20275

Dear Judge Papalia:

    As you know, we represent Creditor David Lorenzo in the above-captioned bankruptcy. We just received the Borough of Fort Lee's December 13, 2016 letter related to the pending motion to reinstate Debtor James Kim's bankruptcy. The letter raises serious concerns about what Mr. Kim is doing and whether the bankruptcy process is being misused.

    The letter contains a November 22, 2016 12:26pm email from the law firm of Matthew Jeon, Esq. attempting to activate Mr. Kim's liquor license (for use at a specific property). We had previously objected to the bankruptcy estate's retention of Mr. Jeon (ECF 48) and Mr. Kim ultimately withdrew his application to retain him. No new application was ever filed. Though this bankruptcy was dismissed on November 22, 2016 at 11:19am, it is inconceivable that Mr. Jeon's law firm only began working on the license application in the hour or so after the dismissal. The email unmistakably implies that Mr. Jeon's law firm was working on the application during the bankruptcy, despite that the application to retain him was withdrawn.

Letter re liquor license
In re James Kim
December 13, 2016
Page 2

---

In addition, because the bankruptcy was dismissed and the receivership over the liquor license was automatically reinstated, 11 U.S.C. § 349, *Mr. Kim has no authority to proceed with an application to activate the liquor license.* This is— yet again— an example of Mr. Kim violating a clear state court order that divested him of authority over the license. Mr. Kim is fully aware that the receivership was automatically reinstated because he was served (through his attorney) with our November 30, 2016 state court motion to authorize the receiver to apply to transfer the license to Mr. Lorenzo.

Please add the above paragraphs to our list of reasons why Mr. Kim's bankruptcy should not be reinstated. By copy of this letter, we request that Mr. Kim copy us on all correspondence to the Borough of Fort Lee or the ABC Board. We have a standing objection to *any application* by Mr. Kim related to the liquor license until the pending motions to reinstate the bankruptcy and to authorize the receiver to transfer the license are sorted out.

Respectfully submitted,

/S/

JUSTIN D. SANTAGATA

JDS/bar
cc:    Walter Nealy, Esq. (via ECF)
        Ari Jacobson, Esq. (via ECF)
        Matthew Jeon, Esq. (via email)
        Philip Boggia, Esq. (via email)
        Leslie Sotolongo, Esq. (via email)
        Client (via email)